IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT GREGORY SAYRES                                              PLAINTIFF/PETITIONER

V.                                         No.  14-3011

RAY HOBBS, Director
Arkansas Department of Correction                                  DEFENDANT/RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2254 (ECF No. 1) filed January 27, 2014.  The Defendant filed a Response (ECF No. 22) on March 13, 2014 and the Petitioner filed a Reply (ECF No. 27) on March 30, 2014.  The Petitioner has also filed a Motion for Parole Hearing (ECF No. 28), Motion for Hearing to Show Cause (ECF No. 29), Motion to Object to Defendant (ECF No. 30), Motion for a Record of Cell Phone Tower Transmission (ECF No. 31), Motion for Speedy Trial and Motion for Evidentiary Hearing (ECF No. 32), and Motion Showing Double Jeperdy (sic) Law Violated (ECF No. 33).

### I.  Background:

According to the records of the Arkansas Department of Correction (ADC) the Petitioner was convicted in Boone County Circuit Court in Case CR 2005-40 and sentenced on April 15, 2005 to 72 months in ADC on Forgery, Possession of Forgery Device, Possession of a Firearm by Certain Person.  He was also sentenced in Boone County on the same day in CR 2004-309 on the charge of Possession of Firearm by Certain Person and sentenced to 72 months.  It appears all

sentences were to run concurrently. (ECF No. 1-1, p. 6)[1].

In the 2254 motion filed by the Petitioner he contends that the judgment he is challenging is dated April 15, 2005 and that he received 6 years. (ECF No. 1, p. 1). The Petitioner does not state the case number but he has to be referring to CR 2005-40 out of Boone County. He states that he is now "requesting the poss of firearm overturned." (Id.).

The Petitioner alleges in Ground One that "Parole Officer Jamin Martin tricked me into signing a parole hearing after iv been requesting a hearing." (ECF No. 1, p. 5). The Petitioner does not make an allegation in Ground Two but in the supporting fact he states that he was wrongly convicted in state court. (Id., p. 6). The Petitioner again does not state a Ground Three but in the supporting facts he claims that officers in Boone County have "fabricated a parole report." (Id., p. 8).

The Petitioner appears to have been first paroled on the 2005 charges on July 24, 2006 (ECF No. 1-1, p. 8) and on October 27, 2006 his prison records show that he absconded. (Id.). (Id.). He was subsequently arrested and re-incarcerated on March 2, 2010 and released on parole again on October 29, 2010. (Id.). Records show that he absconded again on December 21, 2011 and was re-incarcerated on April 9, 2012.(Id.) but was held by Washington County. The Petitioner was ultimately returned to ADC on October 23, 2013 but continues to be held at the Boone County Detention Center.

---

[1] Petitioner's other convictions include as follows: On October 8, 1998 the Petitioner was sentenced by the Washington County Circuit Court in case CR 1998-1352 to 36 months in the ADC on the charge of Forgery. On November 15, 1995 the Petitioner was sentenced by the Boone County Circuit Court in case CR 1995-302 to 3 months and 29 days on the charges of Theft of Property, Theft of Property, and Forgery. On December 11, 1995 the Petitioner was sentenced by the Carroll County Circuit Court in case CR 1995-1251 to 90 days on the charge of Hot Check Violation. On October 31, 1996 the Petitioner was sentenced by the Miller County Circuit Court in case CR 1996-330 to 24 months on the charge of Escape-2nd degree. (Id., p. 7).

## II.  Discussion

**A.  Ground Two: Wrongful Sentence in 2005:**

The court will deal with Ground Two of the Petitioner's Motion first because he is contending in that Ground that he was wrongfully sentenced.  His contention seems to be that he was a "police informant" and therefore should not have been convicted of Felon in Possession of a Firearm.  This claim is, however, barred by the limitations period contained in the Act.

**1.  Limitations:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). *See also Walker v. Norris* 436 F.3d 1026, 1029 (C.A.8 (Ark.),2006)

While the court does not have the judgments from the 2005 case the Petitioner admits that he pleaded guilty to the forgery, possession of forgery device and being a felon in possession of a firearm. (ECF No. 1, p. 1) and judgment appears to have been entered April 15, 2005 (ECF 1-1,

p. 6). Under Arkansas law when the Plaintiff entered a plea of guilty he waives his right to appeal.  *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1. The Petitioner had 90 days from the date of entry of Judgment to bring any post conviction claim under Rule 37. (Ark. R. Crim. P. 37.2(c)). The Petitioner filed no post conviction relief and his judgment, therefore, became final on July 15, 2005.

The Petitioner's claim is clearly barred by the limitations period unless he is able to take advantage of Equitable Tolling.

### 2. Equitable Tolling:

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition in a timely fashion.  The Petitioner contends in his Petition that his failure to file a timely petition should be excused because:

> "The one year statute should be waived in my matter (due to court, police,

parole misconduct) (unintelligible) me out of state and not come back trying to hide how they Authorities in Boone County have cost me a mental disorder having me beat in jail over three time once costing me medical bill even to his date im seeing Arkansas (Health Resources of Arkansas) for medical treatment. I have been trying to get my case back to court for misconduct. This parole officer Jamin Martin will not give me a parole hearing cause he don't want to get in trouble." ECF No. 1, p. 13).

Nothing that the Petitioner has alleged would constitute grounds for tolling the limitations period and his request to set aside his 2005 conviction is therefor barred.

**B. Ground One and Three: Parole Hearing;**[2]

The Petitioner alleges in Ground One and Three that his parole officer "tricked" him into "signing a parole hearing after Iv (sic) been requesting a hearing." (ECF No. 1, p. 5).

It appears that the Petitioner was booked into the Boone County Detention Center on the charges of Failure to Appear, Unauthorized Use of a Vehicle, Theft of Property and Criminal Mischief 2nd Degree on September 23, 2013 (Exhibit 1) and as of the date of this Report and Recommendation these charges are still pending. The Petitioner acknowledged a Notice of Parole Violation Action (ECF No. 22-1, p. 2) on September 30, 2014. The Notice provided that the substance of the violations were contained in a parole report dated September 4, 2013 (Id.) which was attached to the Petitioner's Motion as an exhibit (ECF No. 1-1, pp12-17). His alleged violations were failure to report, new law violations, excessive drinking, and failure to cooperate with law enforcement. (Id., pp. 13-14).

The Petitioner signed a Waiver of Revocation Hearing on October 16, 2013. (ECF No. 22-1). The waiver specifically provides that "This waiver of my revocation is made voluntarily

---

[2]Ground Three is the same allegation as Ground One and will be incorporated into Ground One.

and intelligently.  It is not the result of any threats or promise or any form of coercion." (Id.). The form specifically provides that part of the consideration of waiving the hearing is that the Petitioner will be eligible for release in April 2014.

The Petitioner's parole appears to have been revoked on October 23, 2013 and he was returned to ADC custody although he remains in the Boone County jail. (ECF No. 1-1, p. 8; Exhibit 2). The Petitioner appears to have appealed the revocation decision to the Parole Board on October 23, 2013 (ECF No. 22-2) and the Parole Board affirmed the revocation on December 5, 2013. (ECF No. 1-1, p. 5). The Petitioner did not appeal the decision of the Arkansas Parole Board.

**1.  Failure to Exhaust Remedies**

The State contends that the Petitioner has failed to exhaust his administrative remedies by not appealing his revocation to an Arkansas Court.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)     (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id. (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal

claim applies even if the defendant's failure to exhaust results from the application of state law. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). (Federal courts will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule applies with equal force whether the state-law ground is substantive or procedural." Id.

The Administrative Procedures Act for the State of Arkansas provides that:

> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter. ACA § 25-15-212.

The Act goes on to require the filing to take place 30 days after final adjudication and to be filed in the circuit court of any county in which the petitioner resides or the Pulaski County Circuit Court. ACD §25-15-212 (b)(1)..

Notwithstanding the language in the statute the Arkansas Supreme Court has held that "when our State Penitentiary Board revokes a parole, that revocation can be set aside in the courts if it be shown that the Board acted arbitrarily or capriciously. Such an attack must be by direct proceeding and not collaterally." *Webb v. Bishop* 242 Ark. 320, 325, 413 S.W.2d 862, 865 (Ark. 1967). The Eastern District of Arkansas, in dealing with this issue in 1973, stated that the court "cannot conclude, at this point, that there is no available state corrective process or that present circumstances render such process ineffective to protect petitioners' rights. The Arkansas Supreme Court, in Webb, indicated that a direct process exists by which the Parole Board's revocation of parole can be challenged. Defendants contend that the Arkansas Administrative

Procedure Act, Ark.Stat.Ann. 5-701 et seq. (1967), as amended (Supp.1971), provides that direct process. The Arkansas Supreme Court has not had the occasion to comment further on this question." *Hickman v. Arkansas Bd. of Pardons and Paroles* 361 F.Supp. 864, 868 -869 (D.C.Ark., 1973).

The court finds that the Petitioner's claim is procedurally defaulted but even if it were not defaulted it is without merit.

### 2. Factual Allegation

The Petitioner contends that his parole officer "tricked" him into signing his waiver of his parole hearing. (ECF No. 1, p. 5). The Petitioner does not state any factual allegations as to how his parole officer performed the allege trick. Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief. *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State* 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004). Vague and conclusory allegations are not sufficient to state a ground for relief. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

The court also notes that the waiver of the Parole Hearing provides specific language that the waiver is "made voluntarily and intelligently" and that it was NOT the "result of any threats or promises or any form of coercion." (ECF No. 22-1). An accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). The court believes, likewise, that representations made waiving a parole hearing contain strong indications of

veracity and the conclusory allegations of the Petitioner carry little weight.

### C. Evidentiary Hearing:

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). *Sidebottom v. Delo* 46 F.3d 744, 751 (C.A.8 (Mo.),1995).

The court finds that the Petitioner's claims are based upon conclusory allegations that are not supported by the record and therefore no Evidentiary Hearing is mandated.

### III. Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice. **The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Also, for the reason stated the Petitioner's Motion for Parole Hearing (ECF No. 28),

Motion for Hearing to Show Cause (ECF No. 29), Motion to Object to Defendant (ECF No. 30), Motion for a Record of Cell Phone Tower Transmission (ECF No. 31), Motion for Speedy Trial Motion for Evidentiary Hearing (ECF No. 32), and Motion Showing Double Jeperdy (sic) Law Violated (ECF No. 33) are **DENIED.**

Dated this 2nd day of April 2014.

*/s/ J. Marschewski*
Honorable  James R. Marschewski
Chief United  States Magistrate Judge