IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT GREGORY SAYRES                                              PLAINTIFF

v.                                    Case No. 5:14-CV-03011

RAY HOBBS; Director
Arkansas Department of Correction                              DEFENDANT

## OPINION AND ORDER

Currently before the Court are the Report and Recommendation ("R & R") (Doc. 34)

of the Honorable James R. Marschewski, Chief United States Magistrate for the Western

District of Arkansas, filed in this case on April 2, 2014, regarding Plaintiff Robert Gregory

Sayres' Petition to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2254

(Doc. 1); Defendant Ray Hobbs' Response (Doc. 22); and Sayres' Reply (Doc. 27).  Also

before the Court are Sayres' Objections (Docs. 35 and 41); and Sayres' subsequent Motion

for Emergency Hearing (Doc. 36), Motion for a Copy of the ADC and Parole File (Doc. 37),

Motion to Add Witnesses (Doc. 39), Motion for Hearing (Doc. 40), Motion for Court to

Intervene in State Court Case (Doc. 42), and Motion to Challenge Conviction (Doc. 43).

The Court has conducted a *de novo* review as to all specified proposed findings and

recommendations to which Sayres has raised objections. 28 U.S.C. § 636(b)(1).

Accordingly, the Court finds that the R & R should be, and hereby is, APPROVED and

ADOPTED IN TOTO, and Sayres' subsequent Motions are MOOT.

## I. BACKGROUND

This case concerns Sayres' Petition for a Writ of Habeas pursuant to 18 U.S.C. §

2254.  On April 15, 2005, Sayres was convicted in Boone County Circuit Court in Case CR

-1-

2005-40 and sentenced to 72 months in the Arkansas Department of Correction ("ADC") for forgery, possession of forgery device, and possession of a firearm by a certain person. On that same day, he was also sentenced in Case CR 2004-309 to 72 months to run concurrently with Case CR 2005-40 on the charge of possession of a firearm by a certain person.

Sayres withdraws his challenge to his 2005 sentence and only seeks to litigate the conduct surrounding his parole revocation.  Sayres attaches a portion of a parole revocation report to his Petition that indicates the revocation was sought in connection with actions taken on August 26, 2013, and his failure to turn himself in on August 27, 2013. Sayres was charged with the following violations: failure to report; violation of laws by possessing firearms, failure to appear, a hot check violation; drinking excess amounts of alcohol; and failure to cooperate.  Although Sayres asserts that he was no longer on parole supervision when he was asked to report by Parole Officer Jamin Martin, the revocation report indicates that Sayres had a parole discharge date of October 10, 2014.  It was noted that Sayres had absconded on October 27, 2006 and December 21, 2011.  Sayres was found to have violated the terms of his parole and the decision of the hearing examiner was affirmed by the Arkansas Parole Board.

Sayres concedes that he has not exhausted his state-court remedies.  Although he appealed his revocation to the Arkansas Parole Board ("Parole Board"), he admits that he failed to appeal the decision of the Parole Board to state court.

The Magistrate recommends that Sayres' claims be dismissed with prejudice because: (1) Sayres' claim is barred by the one year statute of limitations period set for federal habeas corpus petitions; (2) allegations that Martin tricked him into signing the

parole hearing waiver is unsupported by facts; and (3) Sayres failed to exhaust his administrative remedies by not appealing his revocation to an Arkansas Court.

While it is somewhat difficult to surmise Sayres' objections from his general grievances concerning his original sentencing and parole revocation, Sayres grievances can be grouped into one general objection.[1]  Sayres maintains that Martin tricked him into signing a waiver for a parole revocation hearing and that parole officers in Boone County fabricated a parole violation report stating that Sayres was found in a house containing firearms and alcohol, belonging to Karen Treat, a resident of the home.  Sayres requests that this Court order the parole office and Hobbs to "reverse" his parole plan.

Sayres also submitted subsequent Motions seeking to add witnesses, hold hearings, requesting that the Court intervene in his state court case, and challenging his 1995 conviction.

## II. DISCUSSION

### A. Whether there was officer misconduct surrounding Sayres' parole revocation

Sayres contends that parole officers retaliated against him although he was "off parole supervision" (Doc. 35, p. 1) by engaging in misconduct by fabricating a parole violation report and tricking him into signing a parole hearing waiver, which prolonged his term of parole.  The Court adopts the reasoning in the R & R, finding that Sayres is procedurally defaulted and has failed to state factual allegations in support of his claim.

The Eighth Circuit Court of Appeals has held that a claim for unconstitutional revocation of parole is cognizable in § 2254 proceedings, however, "failure to exhaust

---

[2]Though untimely, the Court considers Sayres' Second set of Objections (Doc. 41).

available state court remedies would require dismissal of [the] action." *Veneri v. State of Mo.*, 734 F.2d 391, 393 (8th Cir. 1984). "[A parole] revocation can be set aside in the courts if it be shown that the Board acted arbitrarily or capriciously.  Such an attack must be by direct proceeding and not collaterally." *Webb v. Bishop*, 242 Ark. 320, 325 (1967). The federal habeas statute requires those in state custody who seek federal habeas relief to first exhaust available state remedies. 28 U.SC. § 2254(b)(1)(A).  This requirement is based on the principle that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Rose v. Lundy,* 455 U.S. 509, 515 (1982).  A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *See Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

Sayres was required to appeal the decision of the parole board to an Arkansas court pursuant to the Arkansas Administrative Procedures Act, which provides that any person "except an inmate under sentence to the custody of the Department of Correction" must seek review within 30 days of the agency's final decision in state court. Ark. Code Ann. § 25-15-212(b)(1).  Sayres concedes that he could have, but did not raise his claim in state court prior to filing this Petition.  He acknowledges that his only efforts at exhaustion have been limited to appealing the revocation decision to the Parole Board on October 23, 2013. However, the record does not reflect any effort to appeal the decision of the Parole Board in state court within 30 days as required by the Arkansas Administrative Procedures Act. The time for filing such an action in state court has now passed, and Sayres has not

offered any facts to show that the Parole Board acted arbitrarily or capriciously. Because habeas petitioners are required to diligently pursue their rights in state court, Sayres' claims are subject to dismissal.

Even if Sayres' claims were not procedurally barred, Sayres signed the Waiver of Revocation Hearing on October 16, 2013.  This waiver specifically provides that it was made voluntarily and intelligently, and that as part of the consideration in waiving the hearing, Sayres was eligible for release in April of 2014.  The waiver also lists the violations that Sayres now contends were fabricated.  Sayres' assertion that Martin tricked him into signing the waiver is unsubstantiated, as Sayres has made only conclusory allegations regarding Martin's trickery without any facts in support.

Thus, because Sayres' claims are procedurally defaulted due to failure to exhaust his state-court remedies, and his allegations against Martin are unsupported by facts, Sayres' objection is overruled.

### B. Subsequent Motions

Sayres also submitted subsequent Motions seeking to add witnesses, requesting hearings, requesting that the Court intervene in his state court case, and challenging his 1995 conviction.  Because Sayres' § 2254 Petition is dismissed, these Motions are moot.

Specifically, the Court adopts the reasoning of the Magistrate that Sayres is not entitled to an evidentiary hearing because his § 2254 Petition is inadequate on its face. Sayres does not offer any law nor facts to rebut the Magistrate's recommendations. Moreover, Sayres' attempt to challenge his 1995 conviction (Doc. 43) is not before the Court in his § 2254 Petition.  However, for the same reasoning set forth in the R & R regarding Sayres' 2005 conviction, he is procedurally barred from challenging his 1995

conviction.

### III. CONCLUSION

The Court, being well and sufficiently advised, finds that the R & R (Doc. 34) should be and hereby is **ADOPTED IN TOTO**. Because Sayres' § 2254 Petition is dismissed, his subsequent Motions for a hearing, to obtain a copy of the ADC and parole file, to add witnesses, for the Court to intervene in the state court case, and to challenge his conviction are **DENIED AS MOOT**.

**IT IS THEREFORE ORDERED** that Plaintiff Robert Gregory Sayres' Petition to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**. Because Plaintiff's lawsuit is dismissed, his remaining Motions (Docs. 36, 37, 39, 40, 42, and 43) are **DENIED AS MOOT**. A judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 24th day of September, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE